IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LAWRENCE J. GERRANS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Cause No. EP-23-CV-451-DCG |
| | § | |
| S. HIJAR, Warden, | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Lawrence J. Gerrans, federal prisoner number 25027-111, challenges his federal sentences through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1.[1] His petition is dismissed without prejudice for the following reasons.

### BACKGROUND AND PROCEDURAL HISTORY

Gerrans is a 53-year-old inmate confined at the La Tuna Federal Correctional Institution in Anthony, Texas. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 25027-111, last visited Dec. 19, 2023). His projected release date is March 14, 2028. *Id.*

Gerrans took millions of dollars from Sanovas, a medical device start-up company, which he co-founded. *United States v. Gerrans*, 477 F. Supp. 3d 1035, 1040 (N.D. Cal. 2020), *aff'd*, No. 20-10378, 2022 WL 73051 (9th Cir. Jan. 7, 2022). He billed the company for personal expenses and took millions of dollars from Sanovas by fraudulent invoices and book entries, using shell entities, and lying to the board of directors. *Id.* He purchased a multi-million-dollar home, extravagant jewelry and home furnishings, vacations, and expensive cars. *Id.* He was interviewed by the FBI and made false statements and provided false documents related to his financial

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this matter. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

dealings involving Sanovas. *Id.* After he was indicted and released on bond, he violated the terms of the bond by intimidating, harassing, and improperly communicating with his brother, Chris Gerrans, who was also the subject of a related FBI investigation. *Id.*

Gerrans was indicted for committing a scheme and artifice to defraud his own company of company funds. *Id.* Counts 1 through 3 alleged he used three wire communications to transfer a total of $580,000 to buy a family home. Counts 4 and 5 respectively alleged he transferred $32,395.77 and $12,5000 for personal expenses using Sanovas funds to which he was not entitled. Count 6 alleged Gerrans committed money laundering by transferring $2,303,966.42 from the Hartford Bank to Stewart Title to purchase a family home. Counts 7 and 8 alleged he made false statements to the FBI concerning false invoices from Halo Management Group to Gerrans and his wife. Count 9 alleged he submitted to the FBI a false "Secured Promissory Note" from Gerrans and his wife to Hartford Legend Capital. Counts 10 through 12 alleged Gerrans committed contempt, witness tampering, and obstruction of justice arising out of his contact with his brother, Chris Gerrans. *Id.* at 1040–41.

A trial commenced on January 13, 2020, and Gerrans was found guilty on all counts by a jury on January 29, 2020. *Id.* at 1041. Gerrans was sentenced to a total term of 135 months' imprisonment. *See Gerrans v. United States*, 3:18-CR-310-EMC (N.D. Cal.), Am. J. Crim. Case, ECF No. 355 at 2. This term consisted of 120 months on Counts One through Five, to run concurrently; 120 months on Count Six, to run concurrently; 60 months on Counts Seven through Nine, to run concurrently; five months on Count Ten to run consecutively; five months on Count Eleven to run consecutively; and five months on Count Twelve to run consecutively. *Id.*

Gerrans challenged his convictions and sentences on direct appeal, arguing that he suffered

2

from ineffective assistance of counsel, jury instruction error, prosecutorial misconduct, and a sentencing guideline calculation error. *United States v. Gerrans*, No. 20-10378, 2022 WL 73051, at *2 (9th Cir. Jan. 7, 2022), *cert. denied*, 143 S. Ct. 174 (2022). His convictions and sentences were affirmed.

Gerrans' motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is due in the trial court on or before February 29, 2024. *See Gerrans*, 3:18-CR-310-EMC (N.D. Cal.), Criminal Minutes, ECF No. 471.

Gerrans now challenges, through his § 2241 petition, his "Arrest, Trial Process and . . . Jury Verdicts because the Court lacked competent Authority." Pet'r's Pet., ECF No. 1 at 2. He claims that "Executive and Judicial Officers exceeded the limits of [their] Article III powers in violation of [his] Constitutionally Protected Rights." *Id.* at 7. He argues that:

> Article III limits extensions of Judicial Powers. Article III Courts are "Courts of limited Jurisdiction". 18 USC § 3041 restricts Article III criminal power access strictly "For any offense [injury] against the United States ..." (opening line of § 3041). Executive and Judicial Officers ignored these limitations. The United States Attorney (Plaintiff) offered NO legally justiciable Injury-In-Fact to any Government Property, as required under 18 USC § 1343.

*Id.* He asks the Court to determine that he "suffers from illegal and unconstitutional imprisonment and [should] be released immediately." *Id.* at 8.

## STANDARD OF REVIEW

As a preliminary matter, a reviewing court must determine whether a claim is properly raised in a § 2241 petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254 R. 4; *see* R. 1 ("The district court may apply any or all of these rules to a habeas corpus petition ...").

3

"A section 2241 petition for habeas corpus [may attack] the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

By contrast, a motion to vacate or correct a sentence pursuant to § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors which occurred at trial or sentencing. *Cox*, 911 F.2d at 1114 (5th Cir. 1990); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987). A § 2255 movant may only bring his motion in the district of conviction and sentence. *Pack*, 218 F.3d at 452.

Consequently, a federal prisoner who wants to challenge his sentence must generally seek relief under § 2255. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). He may challenge his sentence in a § 2241 proceeding only if his claims fall within the "savings clause" of § 2255(e). *Id.* Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). Case law establishes a petitioner must satisfy a two-prong test to successfully invoke the savings clause:

4

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Moreover, a petitioner must prove both prongs. *Padilla*, 416 F.3d at 426. Undeniably, a § 2241 petition is not a mere substitute for a § 2255 motion—and the petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

## ANALYSIS

Gerrans challenges his arrest, trial process, and jury verdicts through a § 2241 petition. Pet'r's Pet., ECF No. 1 at 2. He does not challenge "the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451. A § 2255 motion, not a § 2241 petition "provides the primary means of collateral attack on a federal sentence." And Gerrans still has the opportunity to file a § 2255 motion in the district of his conviction and sentence. *See Gerrans*, 3:23-CV-801-EMC (N.D. Cal.), Criminal Minutes, ECF No. 471. Further, Gerrans does not identify a Supreme Court decision retroactively applicable to his case which establishes that he may have been convicted of a nonexistent offense. Finally, Gerrans does not argue his claim is foreclosed by circuit law.

## CONCLUSION AND ORDERS

The Court concludes Gerrans cannot meet his burden of demonstrating the inadequacy or ineffectiveness of a § 2255 motion to test the legality of his sentence. It further concludes his § 2241 petition claims are not cognizable under § 2255's savings clause. Hence, it finally concludes

5

it plainly appears from Gerrans' petition that he is not entitled to relief. It accordingly enters the following orders:

**IT IS ORDERED** that that Gerrans's *pro se* "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent that Gerrans' petition may be construed as a motion under 28 U.S.C. § 2255, he is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this 21st day of February 2024.

**DAVID GUADERRAMA**
**SENIOR UNITED STATES DISTRICT JUDGE**